We will next hear argument in Chacon v. Ohio State Life Insurance. Good morning. May it please the Court, my name is David Abney. I represent Plaintiff Appellant Israel Chacon. There's a number of issues we could talk about. If you don't have a preference, I'll start with Section 192 and Section 142. We're miles apart on which of these sections applies. It seems to me that Section 142 would be the controlling section of the restatement because it's the only one that deals with statutes and limitations. The other side says it has to be 192, and I think that certainly applies to certain substantive issues about the contract and its validity and whatnot. But under Depassage, which Arizona and I believe New Mexico both follow, we deal with each substantive issue of importance in the case and what state has the most significant relationship in what state. So would we apply Arizona choice of rules, do we not? Because the case deformed is Arizona. Yes. So the question is what statute of limitations would an Arizona court apply under these circumstances? Arizona would apply the longer statute of limitations. One thing that, and I tend to agree with your argument just to telegraph that the district court focused on the wrong section of the restatement, but I have a question. If your client had brought this case while still residing in New Mexico, and I think he could have under New Mexico law, the New Mexico statute of limitations would apply. Correct? Well, maybe. Well, what other possible statute of limitations? It's possible. Here we're choosing, we're now at a point where we're choosing between the New Mexico statute and the Arizona statute. Correct. Hypothetically, I think, yes. So what does a statute of limitations change when he moves? Well, what changes is which state has the most significant interest in this particular case. Do you have to show most significant interest? See, I thought your argument was under the restatement section that you think is applicable. It's enough that Arizona has an interest. Substantial interest. Substantial interest. What is the substantial interest that Arizona has in this case? Arizona's substantial interest is making sure that its minors, once they cross the threshold into adulthood, get the full benefit of the statute of limitations for whatever cause of action it might be. So the key thing is that every state has a statute of limitations. That's true in every state, and that's also true in New Mexico, isn't it? No. New Mexico gives one year statute of limitations. Well, I understand they choose to give a year, and Arizona chooses to give two years. But my question is, what is Arizona's substantial interest that differs from New Mexico? I didn't say that, but let me amend my question. What is the substantial interest that Arizona has that differs from the substantial interest that New Mexico has? I'm not talking about the choice of two years versus one year or three years or four years or whatever. I'm talking about the substantial interest in citizens. The underlying, you might call, substantial interest is making sure that the residents of Arizona have a full and fair opportunity to seek redress for injuries that have been done to them, both injuries in breach of contract and in personal injuries. Arizona is that diverse from New Mexico in what manner? New Mexico does not have the same substantial interest. So the key, it seems to me, of your argument is that the plaintiff became an Arizona resident in good faith and while still a minor. And there's no foreign shopping involved. So if he had gone back to New Mexico to sue, they would have had no interest at that time because he was no longer a resident. And it would be different, I presume, if somebody just moved for the purpose of finding a longer statute of limitations. I think so. And I think that's the part of the presentation I was going to do in the case in the Ninth Circuit where people seemed to have moved to California just to take advantage of its particular laws concerning banks and actual citizens. I can't tell if Conan, I wondered if you could, whether or not the cause of action was in effect dead in the other state at the time that they moved to California. I know the suit was brought 30 years after the underlying events occurred and California had no statute of limitations and therefore it would have been timely under California law. But I'm not clear looking at that case whether or not the cause of action expired in the state where it should have been brought. I thought it had. In your case, it had not when your client moved to Arizona. Not for Israel, for his mom. But you're not representing his mom. No, not unless. Israel could have brought the case in New Mexico before he moved or in Arizona before he did, correct? He could, no. Yes and no. He could have done it in New Mexico by and through his mother if she had wanted to pursue the cause of action, but she did not do that. And in Arizona, had he brought it before age 18, it would have also been through his mother by and through the mother. But at age 18. So his choice about whether to bring it did not arise until what age? His choice, his cause of action and his choice. That's my question. My question is at what point could he have decided on his own that he wanted to pursue it without having somebody pursue it on his behalf in either of the states? On the day of his 18th birthday. The problem with New Mexico, I sort of got into that, is it's a one-year statute for any cause of action. It means you might have a six-year, normally a six-year statute of limitations for contracts or maybe 12 years for some sort of property-related adverse possession or whatever it might be. In New Mexico, it doesn't matter what the cause of action is. You get one year. That's it. And in Arizona, what's your problem? In Arizona, at age 10, as Judge Graber knows, I fully agree that this is the case of formal shopping. He did this. There's no claim by anyone that the child would appear at age 10. It's an anticipation or lawsuit to eight years later. But Section 142 tells us that the forum, Arizona, will apply its own statute of limitations unless the claim would serve no substantial interest to the forum and, conjunctive, the claim would be barred under the statute of limitations of a state having a more significant relationship as New Mexico, and it would have been barred in New Mexico. So we really have only Section A applied here, which is that it would serve no substantial interest to the forum. And I just was asking, in that context, what the interest of Arizona's forum is that differs in any paternal way from New Mexico. Well, I'm interested in your question. There's two points. And that means I don't give you the second point because I might forget it. Okay. Don't tell me about point B again because we know that. Point B. The thing about point A is Arizona is unique. It has the strongest constitutional protections of any state in the nation as far as preserving the right to bring costs of action, to seek redress of grievances. It has an historical and traditional interest in protecting its residents and making sure that they have the fullest opportunity to do that. How do I find that jurisprudentially? Is that in the Constitution? Well, it's in the case authority. Well, what's your source? Well, it's in two places. Case authority is cited in the brief and in the Constitution's Article 18, Section 5, and Article 18, Section 6, which deals with the right to bring cost of action for injuries, which has been construed to mean personal injuries of almost any kind, and would include a tort of insurance by faith. Article 18, Section 5 is the strangest constitutional clause in America. We stole it from Oklahoma. It was in the 1907 Oklahoma Constitution, but Oklahoma simply stopped enforcing it in 1922 or 1924. It basically says, In all cases whatsoever to defend at all times the defenses of contributory negligence and assumption of risk are issues of fact solely for the jury. And in 1912, when we adopted our Constitution, that was earth shattering. There were articles across the nation saying that our Constitution was the product of a garden of symbological pranks. We were accused of being radicals and progressives beyond the most radical that had ever been. But that clause in Article 18, Section 6, our courts sometimes inconsistently, but in the last few years fairly steadily, have enforced those. Can we go back to section? I love wandering through the history of the Arizona Constitution, and you've taken me there before. But I want to go back to Section 142. It's your argument that the Arizona statute applies would be, it doesn't discount New Mexico's interest in this case, does it? No. It doesn't require that we, indeed, Section 142 only applies if New Mexico has a more substantial interest, because if Arizona had the more substantial interest, we wouldn't be fooling around with this. No. So we have to have New Mexico with a more substantial interest. The question is whether Arizona's arises to the level of substantiality. It's very substantial. It's very strong historically, traditionally, constitutionally. You don't have to convince us it's stronger than New Mexico's, do you? No, but I think it is. And then the part B that I asked you to tell me about, a state with a more significant relationship to the parties and to the occurrence. And for this case, which is Israel-Japan versus the insurance company, those are the two parties. The state with the most significant relationship to Israel is Arizona. And as far as the insurance company committed, wait a minute, I mean the policy was purchased in New Mexico. Right. The premium was paid in New Mexico. Right. The insured lived in New Mexico. The insured died in New Mexico. Well, the insured who bought the policy lived in New Mexico. I assume that. But his life was insured. Yeah, but as far as the beneficiaries. I'm not talking about the beneficiaries. You shouldn't have been pastor minded to go to B because you don't need B, do you? I don't need B, but I just feel like. And if you need B, as Judge Lozera suggests to you, maybe it's a trouble. Well, I don't think I am because when we're talking about the tort of bad faith, Matthew Chacon, the man who bought the policy, is not a party. When we talk about the breach of contract, Matthew Chacon. When did the breach of contract occur? The breach of contract occurred when they denied. In New Mexico? Well, no, they didn't deny New Mexico. They denied it from claims offices in Texas. No, but I understand. But at least at the time that the tort occurred, the locus of the tort was New Mexico, was it not? Because the mother was still living in New Mexico. As far as the mother is, and as we discussed earlier, I'm in trouble if I was trying to represent the mother in this, but I'm not. As far as Israel, where he, first his cause of action accrued in Arizona when he became an adult at age 18, so I submit to you, and I don't need to, no suspenders, I apologize for abusing both, but I think that the parties are Israel and the insurance company, and the occurrence is the insurance bad faith and the breach of contract. Against him. I'd like to be quiet and sit down for a while. You're welcome to say that the rest of your time for rebuttal. Thank you. I'm going to hear from Ms. Holmstrom. Thank you. May it please the court, Christina Holmstrom on behalf of Apelli, Ohio State Life Insurance Company. And I understand from the questioning that just occurred that the court does not appear to be very interested in whether Section 192 applies. I think you should assume that we will be interested in your analysis under Section 192. Okay. I'll start there then. And to be clear, no court has ever recognized, at least that I've been able to find or that Mr. Abney has been able to find, that an after acquired state of residence can obtain a substantial interest in a claim just by virtue of the plaintiff having moved there. There is case law from the circuit directly. This is the case of a child moving there, like for the purpose of the claim, right? That's not your argument. That's absolutely correct, Your Honor. We don't contend that Mr. Chacon moved to Arizona for the purpose of forum shopping. He was. Do you contest that Arizona has a substantial interest? We do, Your Honor. Tell me why. Under both the Wynn case, which is a case from the circuit, as well as the Pounders case, which is a case from the Arizona Supreme Court, it's clear that just living in a state does not mean that state has a substantial interest in it. But Mr. Abney says more. Israel does more than just live in Arizona. He was a minor when he came there with no ability to sue on his own. He absolutely was able to file a lawsuit. On his own? He could have filed a suit saying Israel Chacon v. Ohio State. I understand Arizona law, wouldn't it have to be through his next best friend? It would have to be through somebody, yes. But it would not have to have been through his mother. No, I understand. But he could not, on his own, bring a lawsuit until he became 18, correct? Correct. Under his own name, he could not bring a lawsuit until he became 18. So somebody else would have had to have made a decision to file a lawsuit on his behalf before then.  But if he had felt strongly he wanted to do that, he did have a lawyer. And he could have sought from the court an appointment of a guardian at Linum to pursue a lawsuit on his behalf. So it was not as if he was without the ability to sue in either New Mexico or Arizona. I take it this is not a case in which you're claiming any prejudice from DeWayne. Because it's one year later than he could have brought it under the New Mexico statute, right? Correct. I mean, we haven't really fleshed out the record through discovery such that I've had really the opportunity to explore latches, for instance. But, right. We're not alleging. There's a marginal difference. I mean, the death occurred a long time before he turned 18. And so that marginal distinction between age 19 and age 20, it seems hard to see how that would make a difference. Correct, Your Honor. This record does not have any evidence reflecting that my client suffered prejudice by virtue of the extra 354 days. That's not to preclude me from later. No, no, no. Your words will not be held against you in court of law. So, but back to my point is that in the Wynn case and the Pounders case, in both of those cases, the plaintiffs had acquired a different state of residency after their cause of action, the defense giving rise to their cause of action occurred. And in the Pounders case, the gentleman had lived in Arizona for 28 years before he was diagnosed with mesothelioma. And the Arizona Supreme Court looked at that and said, we're still going to apply New Mexico law. So. But that was a case in which it was merely choice of law, correct? Right. So they were looking for the state with the more substantial interest. Right, under section 145. And under general principles of complex law. And I don't doubt in your case, for purposes of our discussion, Judge Osiris is in question. That's why I readily concede that the form of my question was not meant to imply that somehow New Mexico had to have a greater interest in Arizona. It was not section 145. All Pounders tells me is that when choosing law, the state where the tort occurred, the breathing in of the asbestos, has the more substantial interest and therefore re-chooses law. But 142 is a very special rule. 142 says even the state with the greater interest, if its statute of limitations bars the case, doesn't have its law applied as long as the forum has a substantial interest. So Pounders doesn't help me on that. Pounders doesn't say Arizona has no interest. It just says that, was it Kansas? I forget where. It was New Mexico. I knew it was one of those states. One of those 10th Circuit cases. But if that other state had a more substantial interest, that doesn't answer the question in front of me, does it? It doesn't other than inferentially. I don't think that Pounders actually said that Arizona also has a substantial interest. And section 142 does require not just an interest but a substantial interest. And because Pounders was decided under section 145, the court simply looked at whether New Mexico had the more substantial interest, and I don't think ever held that Arizona, by virtue of being the state where he resided when he was diagnosed, ever had a substantial interest. What is the, when a minor reaches the age of majority, does the, is there any sort of principle that that's when the claim accrues? Or is it simply that's when the already accrued claim can be brought in the person's own name? It's the latter, Your Honor. In fact, Arizona. Arizona? Yes. Doesn't Arizona say, doesn't the statute say the claim accrues in majority? No, the Arizona statute says that when a claim accrues before the age of majority, the time is extended. Accrual doesn't change. For the amount, but it's extended the exact same amount of time that would have applied had the original date of accrual applied. Correct. But the statute is. The reason I'm asking the question is that one way to determine whether a state has a substantial interest is to determine whether the claim accrues in that state. And that's why I'm asking the question whether for this purpose, did the claim accrue in New Mexico when the plaintiff was a little boy or did it accrue when he turned 18 in Arizona? It accrued in New Mexico, Your Honor. In this case, then? Well, it's the language of the statute itself. The Arizona statute, which is 12-502, talks about a claim that accrues during minority, and then what happens is the statute of limitations, limitations periods are extended. So in order for the statute to apply, the cause of action had to accrue during the age of minority. It's a totaling statute? It's a totaling statute, Your Honor. The cause of action accrues, does the minor's claim accrue, or does the cause of action? I'm not sure I appreciate the distinction between those two. Because it's very clear that in either state, if Mr. Chacon had chosen to pursue a claim against OSL through his mother, through an attorney, through a guardian ad litem, he would have been able to. Well, that's sort of unrealistic. Eight-year-olds don't usually say, I'd like to go visit a lawyer so that I can obtain a guardian ad litem. In fact, it was not in his power to cause that to happen, as in the real world, is it? For him to go out on his own and seek out an attorney, certainly as a teenager he would have been sophisticated enough to perhaps do that. But the law doesn't impose that burden on him, and that is why both states have tolling statutes that give him a period of time after he reaches the age of majority to bring any claims that he wants to bring. Well, let's say he lives in Arizona. Let's say he's astute enough to understand the laws of Arizona a bit, and he knows that there's a two-year statute of limitations, and he says, oh, I think I have a claim within the two-year period. Ignorance of the law doesn't excuse you from it. The law that applies. That's the point. Does he need to know New Mexico, or does he need to know Arizona? I mean, he's located and actually lives in New Mexico. But the child's living in Arizona, right, when he reached 18? When he reached 18, he was living in Arizona. So at the age of 18, he reaches what the law assumes is his age, where he has enough recess to vindicate his legal rights, that is, he reaches the age of majority. So bingo, you're all of a sudden expected to know some things. And so he's expected to know the law of Arizona, and he's certainly not going to know the law of New York and Texas and New Mexico and Colorado. So is it his knowledge, or is it? The test set forth in the restatement doesn't go back to what the plaintiff may or may not know. The test that's set forth in the restatement, Section 142, goes to which state has a substantial interest. Well, it doesn't go to whether the state has any substantial interest. Correct. Oh, it's not. I'm sorry. I mean, words matter. It says 80% of the claim would serve no substantial interest of the form. That's a very lenient test. It's a very forgiving test. It is. However, there are three circumstances, all of which are satisfied here, that this court has previously held mean that no substantial interest is served with respect to a specific claim. And that is when the plaintiff's only connection with the state is having moved there after the event has given rise to the cause of action. I think Section 142, and then I apologize. No, go right ahead. Section 142A says that the statute of limitations of the forum state will apply unless the maintenance of the claim would serve no substantial interest of the forum. To say that the right of a minor-reaching majority has two years to file a claim, it doesn't seem to me to mean that it has no substantial interest. This court has spoken to that precise issue, not with respect to the minor, but with respect to Plaintiff's Attorney General in the Wynn case. And what the court says was where the state is merely the current residence of the plaintiff, the state has no substantial interest. Isn't part of the reason for that that an adult can forum shop and just look for a place? And doesn't that differ significantly from someone who moves somewhere as a young child without being able to choose it and just happens to be there? Certainly there's no forum shopping to use here. Again, we don't believe that there is forum shopping in this case. However, adopting a rule that would allow an after-acquired residency to confer substantial interest in the state. What if we let it go to minors? It still would be the first of its kind. Well, apparently there's no case on the point, so whatever we do is first of its kind. Let me ask you about the Arizona statute. The Arizona statute says if a person entitled to bring an action, blah, blah, blah, blah, is at the time of the cause of action, either under 18, the period of such disability shall not be counted. So Arizona treats minors as disabled, and therefore the statute of limitations doesn't begin to run against them until they lose the disability. In New Mexico, the statute says we extend the statute for a year. Doesn't that suggest that Arizona has a substantial interest in protecting those among its citizens who are disabled? Well, again, I'm going to go back to the language of the restatement here, and the restatement talks about Arizona's substantial interest in the claim, in maintenance of the claim. There still has to be a connection between the claim and Arizona, and here there is not. There are many connections between Mr. Chacon and Arizona, but not with respect to the circumstances that gave rise to this lawsuit. All of those belong to New Mexico. So under your view, you have to agree. Excuse me. I want to go to the language of 142 if I might, because it doesn't say that there has to be a connection between the claim and the substantial interest. It says the forum will apply its own statute of limitations permitting the claim unless maintenance of the claim would serve no substantial interest, and that's a little bit different than saying that the claim itself on its merits has to have a connection. Isn't that somewhat different? I think the merits of the claim rise and fall with the maintenance of the claim. Yes, but so is the status of the plaintiff and the defendant. Correct, but again, I go back to the Ninth Circuit and the Arizona Supreme Court have not found substantial interest merely by virtue of residence. Well, no, that's not true. And that's the difficulty I'm having with the argument. The Arizona Supreme Court doesn't say in the case you cite that Arizona lacked a substantial interest. It just says the other state has a much ñ applying the restatement says the other state plainly has more significant interest. Correct. So cite me an Arizona case that says that a resident of the state of Arizona has no substantial interest in maintenance of the claim. Finding a substantial interest based on residency alone would be an expansion of Arizona law. No, I'm asking a different question. There's not a case. There is no case that says so. There is no case. There's no case that says an Arizona resident doesn't have a substantial interest in bringing a claim. Here's my problem. We start, I think, under the restatement with the default that one applies the law of the form of statement, correct? Correct. And then we apply the law of another state generally if it has a more significant interest. Well, that's a different restatement provision. No, I understand, but this is in general. In general, that's the way the restatement works. In general, yes. Restatement starts off with the notion that the state has an interest in applying its own law unless another state has a more substantial interest. Now, then we work backwards to 142, which is an exception in some cases to the general rule. I'm not certain I agree there because I think at its core, all of the restatement provisions for conflicts of law are really sort of default ways of getting at which state has the most significant interest in the cause of action. But doesn't Section 6 say that the state starts off with the notion that it applies its own laws and then we move to other states' laws if either there's contractual revisions or common law reasons to do so? Well, Section 6 talks about a statutory directive first. So if there's a statutory directive, the inquiry ends there. Right, but there is no statute. Well, there is a statutory directive in the sense that Arizona's insurance chapter only applies to contracts issued in the area. Well, he may have a terrible point. That's a separate issue. We'll have to fight that out later if he lives to fight another day. But as I was going to say, unless there is a statutory directive, the restatement in Section 6 asks the court to go then look at different factors, five different factors, all of which get back to the parties, their relationships, and the expectation of those parties at the time their relationship forms. Isn't one of those factors where the case was brought? No. Well, I mean, one of the factors is relevant policies of the forum. Yes. A little over a year. The policy was issued as of February 1, 2001. He died on February 28, 2002. Thank you, counsel. Thank you. Mr. Abney, you have a little bit of time remaining. The sound you heard was me walking on eggshells. I think this might be one of those rare cases where I'm sort of ahead at this point. I don't want to say anything monumentally off the point. Maintenance of the claim, I think, has a curious echo in Arizona law. What does the word maintenance mean? Bringing, prosecuting. I think the echo in Arizona law is... Does Arizona have, in that context, the maintenance of the claim in the Arizona courts? Well, I think in a reasonable way. Do you think that the last thing they would want is the maintenance in the case to get the obedience to New Mexico? No, because what we're interested in in Arizona is allowing the opportunity to bring your claim for redress. On page 12 of the opening brief, I cited three... No, the statute says maintenance. That's why I asked. You know, I think that has echoed in Arizona law, where it's not that you have a right to get money when you say somebody's harmed you. You have the right to go into court and try to convince the jury, or if it's a judge alone, try to convince the trier of fact in that case that there is a valid claim. Can I ask you the opposite of the question that I asked Ms. Holford? This would be the first time a court has dealt with this situation and found that the statute of limitations moved with the plaintiff, would it not? It would be the first, to clear a scale, I don't know of any certain cases... Or any state court cases that either of you have been able to work in. And, in fact, I had two comments I wanted to make to the court. The first comment was I think this is an important case of First Depression. An oddball in Arizona law. And it has national implications as well as to how you apply the restatement. So, of course, it may be a professional embarrassment. Well, this is not a case of First Depression across the country, is it? It might be. Well, I mean, what do you mean might be? It means that... Because the first thing I tell my law clerks when they start working with me is don't give me any beliefs. This is not church. This is a court. And it comes pretty close to beliefs. I noticed that during the course of the other arguments today. What I mean is, based on my research, I think this is a case of First Depression. I don't go outside the record to say that we have two very good lawyers in front of us today. My take is Ms. Wolfstrom said I couldn't find any case that ever did this. She's right, isn't she? I think so. I couldn't either. And when I said might, it's a reflection of my limitations as a researcher. And the other point really is... One other point, if I may. Just take a minute. You can wrap up. Okay. Well, my wrap-up concerns Daniel Webster. In the Dartmouth College case, he spent hours, and I think actually it turned out to be days, arguing the case in the U.S. Supreme Court. And the clerk of the court reported later that at the conclusion of his argument, when his statement that it's a small college, yet there are those above it, there was not a dry eye in the House, including the justices. I don't have that capacity, but I think it's an important case, and I truly hope that you will rule in favor of Israel. Thank you very much. Thank you. The case just argued is submitted, and we do very much appreciate the helpful arguments from both counsel.
judges: Lucero, Graber, Hurwitz